United States District Court
District of Massachusetts

```
_____
                               )
BRISTOL COUNTY                 )
        Plaintiff,             )
                               )
        v.                     )    Civil Case Nos.
                               )    12-10778-NMG
MERSCORP, INC., MORTGAGE       )    12-10780-NMG
ELECTRONIC REGISTRATION SYSTEMS)    12-10781-NMG
INC., BANK OF AMERICA, N.A.,   )
WELLS FARGO BANK, N.A., BAC HOME)
LOAN SERVICING L.P., CITIBANK, )
N.A., CITIMORTGAGE, INC., GMAC )
MORTGAGE, LLC, JPMORGAN CHASE  )
BANK, N.A., STATE STREET CORP.,)
DOE CORP. I-MMM,               )
        Defendants.            )
                               )
                               )
NORFOLK COUNTY                 )
        Plaintiff,             )
                               )
        v.                     )
                               )
MERSCORP, INC., MORTGAGE       )
ELECTRONIC REGISTRATION SYSTEMS)
INC., BANK OF AMERICA, N.A.,   )
WELLS FARGO BANK, N.A., BAC HOME)
LOAN SERVICING L.P., CITIBANK, )
N.A., CITIMORTGAGE, INC., GMAC )
MORTGAGE, LLC, JPMORGAN CHASE  )
BANK, N.A., STATE STREET CORP.,)
DOE CORP. I-MMM,               )
        Defendants.            )
                               )
                               )
PLYMOUTH COUNTY                )
        Plaintiff,             )
                               )
        v.                     )
                               )
MERSCORP, INC., MORTGAGE       )
```

```
ELECTRONIC REGISTRATION SYSTEMS  )
INC., BANK OF AMERICA, N.A.,     )
WELLS FARGO BANK, N.A., BAC HOME )
LOAN SERVICING L.P., CITIBANK,   )
N.A., CITIMORTGAGE, INC., GMAC   )
MORTGAGE, LLC, JPMORGAN CHASE    )
BANK, N.A., STATE STREET CORP.,  )
DOE CORP. I-MMM,                 )
          Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In three related cases Bristol, Norfolk and Plymouth Counties in Massachusetts (collectively "plaintiffs") bring suit against Mortgage Electronic Registration Systems, Inc. ("MERS") and a collection of banks and mortgage agencies (collectively "defendants") asserting a claim of unjust enrichment.

## I. Background

Plaintiffs allege that defendants failed to record mortgages and mortgage assignments with the appropriate Registries of Deeds.  Specifically, the Complaints allege that defendants used the MERS electronic registry to track changes in ownership of residential mortgages and to assign mortgages rapidly and repeatedly in order to bundle them into mortgage backed securities ("MBS") to be sold to investors.  By assigning mortgages through the MERS system, plaintiffs allege that defendants avoided publicly recording mortgage assignments with the Registries of Deeds and thereby deprived the plaintiffs of

recording fees.

## II. Procedural History

The actions were commenced on March 30, 2012, in the Massachusetts Superior Court for Suffolk County.  On May 5, 2012, defendants removed the cases to this Court.  Defendants' Notice of Removal alleges that the inclusion of Massachusetts defendant State Street Corp. does not defeat diversity.  Defendants assert that State Street Corp. has been fraudently joined but should not have been because it is merely a holding company and does not assign any mortgages.  In response, plaintiffs filed the subject motions for leave to correct the Complaint and to remand the cases to state court.

Although the three cases are not formally consolidated, the briefings on the motions at issue are identical.  As a result, the Court will issue this single memorandum and order with respect to all three cases.

## III. Motion For Leave to Correct Complaint

Plaintiffs request leave to correct their Complaints to substitute defendant State Street Bank for State Street Corp. on the basis that the original inclusion of State Street Corp. was in error because it is a holding company not engaged in any mortgage loan transactions.

Defendants seek to portray plaintiffs' request to substitute as an attempt to join a new party in order to destroy diversity

because State Street Bank is a Massachusetts party and its inclusion as a party would thus deprive this Court of jurisdiction. This Court is, however, convinced that the original inclusion of State Street Corp. rather than State Street Bank was an unintended error. State Street Bank is the principal banking subsidiary of State Street Corp. and is thus the actual entity involved in the origination or securitization of residential mortgage loans. Substituting the Bank as the defendant is thus in line with the other defendants who were allegedly involved in the origination and securitization of mortgages.

Defendants also contend that the statute of limitations on plaintiffs' sole claim for unjust enrichment would bar recovery against State Street Bank. Although the parties dispute whether a three-year or six-year statute of limitations applies, defendants argue that all claims are barred because State Street Bank sold the business through which it securitized mortgages in 2002, ten years before the Complaints were filed. As a result, defendants assert that substitution of State Street Bank would be futile.

This Court, however, agrees with plaintiffs that, because the factual basis for the cause of action was "inherently unknowable" at the time of the injury the statute of limitations did not begin to run until plaintiffs knew, or in the exercise of

reasonable diligence, should have known, the factual basis for the cause of action. Tagliente v. Himmer, 949 F.2d 1, 4 (1st Cir. 1991).  Here, after the initial instrument naming MERS as mortgagee was recorded, the county registries of deeds had no knowledge of subsequent unrecorded assignments, nor could they reasonably have been expected to know of those assignments.  In fact, plaintiffs had no knowledge that subsequent assignments of any particular mortgage had occurred until the mortgage was transferred out of a MBS trust, assigned to a non-MERS member and recorded or foreclosed upon.  Thus, at least with respect to mortgages that were transferred out of a MBS trust or foreclosed upon less than three years prior to the commencement of these actions, plaintiffs claims are not time barred.  In fact, as plaintiffs suggest, there may be mortgages of which plaintiffs are not yet aware that were assigned without recording and are still contained within MBS trusts that could also give rise to claims against State Street Bank.

Finally, other than a vague reference to the impact on their "right to litigate this case in federal court", defendants have made no showing that substituting State Street Bank for State Street Corp. will prejudice them.  Prior to this motion State Street Bank had knowledge of these law suits.  In fact, State Street Bank's Vice President signed a declaration on behalf of State Street Corp.  Thus this is not a case in which plaintiffs

seek to join a completely new party but rather simply to correct the name of an incorrectly pled defendant.

Furthermore, the case is in its very early stages and thus the change will not prejudice other defendants.  Defendants have not yet filed Answers to the Complaints.  As a result, this party substitution will not cause delay.  Denying the motions to substitute would instead require plaintiffs simultaneously to litigate cases against State Street Bank in state court and these cases in federal court.  Such parallel litigation would undoubtedly waste judicial resources and create the possibility of inconsistent outcomes.  As a result, the Court finds ample reason to allow for the substitution of State Street Bank as a party.

## V.   Motion to Remand

Both parties agree that upon granting plaintiffs' motions to substitute State Street Bank, a Massachusetts defendant, diversity jurisdiction is destroyed.  As a result, this Court lacks jurisdiction over these cases and they will be remanded to state court.

**ORDER**

In accordance with the foregoing,

1) Plaintiff Plymouth County's motion for leave to file corrected complaint (Docket No. 28) is **ALLOWED,**

2) Plaintiff Plymouth County's motion to remand to state court (Docket No. 29) is **ALLOWED,**

3) Plaintiff Bristol County's motion for leave to file corrected complaint (Docket No. 24) is **ALLOWED,**

4) Plaintiff Bristol County's motion to remand to state court (Docket No. 25) is **ALLOWED,**

5) Plaintiff Norfolk County's motion for leave to file corrected complaint (Docket No. 24) is **ALLOWED,** and

6) Plaintiff Norfolk County's motion to remand to state court (Docket No. 25) is **ALLOWED.**

**So ordered.**

                                      /s/ Nathaniel M. Gorton  
                                      Nathaniel M. Gorton  
                                      United States District Judge

Dated March 8, 2013